**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW DUNDON, AS THE TRUSTEE OF THE ENDO GENERAL UNSECURED CREDITORS' TRUST,<br><br>    Plaintiff,<br>v.<br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, et al.,<br><br>    Defendants. | Civil Action<br>Case No. 2:24-cv-04221 |

<u>**GEMINI INSURANCE COMPANY AND CERTAIN UNDERWRITERS AT LLOYD'S LONDON'S MOTION TO MODIFY THE SCHEDULING ORDER BY 90 DAYS**</u>

Defendants Gemini Insurance Company ("Gemini") and Certain Underwriters at Lloyd's London ("Underwriters") (collectively, the "Defendant Insurers"), pursuant to Federal Rule of Civil Procedure 16, move for a 90- day extension of discovery and other deadlines set forth in the scheduling order dated May 19, 2026 (ECF 445) pertaining to the 2016-2017 Products Policies Tower, and state as follows:

<u>**INTRODUCTION**</u>

The Defendant Insurers request a 90 day extension of the fact discovery deadline, from August 19, 2026 to November 17, 2026, to complete review of the Trustee's nearly one million page document production and to obtain essential information regarding the settlements and defense costs that have not been provided by the Trustee. Despite on-going efforts, complete document production and necessary depositions could not reasonably be completed within the existing discovery period. The request is finite and made in good faith to allow the Defendant Insurers to obtain the evidence necessary to prepare their dispositive motions and to adequately

prepare for trial. For these reasons, the Defendant Insurers request that the scheduling order deadlines (ECF 445) be modified by 90-days.

## PROCEDURAL BACKGROUND

1.     On August 15, 2024, Plaintiff, as Trustee of the Endo General Unsecured Creditors' Trust ("Trustee") filed this action for declaratory judgement and breach of contract against multiple towers of insurers that issued policies to Endo. (ECF 1.) Pertinent to the present motion, the Amended Complaint alleged that the Defendant Insurers were obligated to cover Endo's liability and defense costs for individual PI/NAS lawsuits under their 2016-2017 products insurance policies. (ECF 113, 392.)

2.     Early on the in litigation, the parties exchanged written discovery requests, but discovery was then stayed pending partial summary judgment briefing on "bellwether" issues. (ECF 288.)

3.     On February 10, 2026, the Court entered an order granting in part and denying in part the 2016-2017 Products Insurers' motions for summary judgment. (ECF 392.) The Court determined that only three PI/NAS claims were filed against Endo in during the 2016-2017 policy period and remained at issue: *Staubus*, *Hughes* and *Lewis*. *Id*.

4.     After the Order, the 2016-2017 Products Tower Insurers received a narrowed demand for recovery of settlement and defense costs the Trustee claims Endo incurred in the three lawsuits.

5.     On May 19, 2026, the Court issued an updated scheduling order lifting the stay of discovery and requiring that "all fact discovery shall be completed by August 19, 2026". (ECF 445.) Expert discovery is ordered to be completed by November 11, 2026 and dispositive motions are ordered to be filed by December 9, 2026 at 12:00 P.M. *Id*.

6. Following the updated scheduling order and the status conference on May 20, 2026, the Defendant Insurers, Ironshore Specialty Insurance Company ("Ironshore") and the Trustee have actively and diligently pursued discovery. [1]

7. As of the present date, the Defendant Insurers have received productions from the Trustee totaling nearly one-million pages, but, the production does not appear to include integral requested information regarding allocation of settlement in *Staubus* or the defense spend in any of the three PI/NAS lawsuits.

8. The Defendant Insurers and Ironshore did not delay in awaiting compliant production from the Trustee. Instead, whenever possible, they sought to obtain relevant information from third parties.

9. On June 4, 2026, Gemini issued a subpoena duces tecum to counsel for Baby Doe in Staubus, requesting information regarding the settlement, allocation, sanctions and attorney's fees.

10. Baby Doe's counsel acknowledged receipt of the subpoena, but he requested additional time to comply and compile the document requested. He has since ignored additional attempts to obtain his compliance.

11. At the same time, Ironshore and Underwriters sent public records requests to the Tennessee government entities for information regarding the *Staubus* settlement.

12. On August 4, 2026, the Town of Rogersville provided a document suggesting the allocation of *Staubus* settlement to Baby Doe was $500,000. Based upon this information, the

---

[1] Based upon the amounts demanded and information provided by the Trustee for the 2016-2017 tower, excess insurers TDC Specialty Insurance Company and Newline Corporate Name Limited filed a Motion for Summary Judgment (ECF 468) arguing their policies are not implicated. Accordingly, their participation in the present discovery is limited.

Defendant Insurers believe that the majority of the settlement was allocated to the governmental entities and is excluded under the 2016-2017 policies.

13. Gemini subpoenaed Baby Doe's counsel for deposition on August 19, 2026 to confirm the settlement allocation and authenticate the correspondence produced by the Town of Rogersville. However, on August 12, 2026, the witness advised that he was unavailable and had no availability until after the discovery cut-off.

14. The remaining requests to the governmental entities remain open and pending, and may yield additional information requiring further investigation and discovery requests.

15. In addition to the deposition of Baby Doe's counsel, depositions of the Trustee and the Defendant Insurers' Corporative Representatives are pending and are unlikely to be completed before the current fact discovery deadline of August 19, 2026.

16. Further, despite an on-going rolling production from June 29 currently through July 29, the Trustee has not yet produced the defense bills from any of the three PI/NAS lawsuits for which they seek reimbursement from the 2016-2017 Products Tower Insurers. This deficiency, among others, is the subject of a pending motion to compel. (ECF 488.)

17. On August 10, 2026, the Trustee's counsel, James Smith advised that they intend supplement their production by August 14, 2026.

18. Even if the Trustee produces all outstanding documents by August 14, 2026, the Defendant Insurers would have less than three business days under the current discovery deadline to review and conduct any follow-up discovery.

19. The Defendant Insurers anticipate that the Trustee's supplemental production will comprise thousands of pages of records and bills that the insurers will need to review to assess their reasonableness and allocation. This production will likely then necessitate additional

deposition requests and document subpoenas to determine whether Endo satisfied its $25 million dollar self-insured retention.

20.     The completion of the outstanding fact discovery is essential before the parties can finalize their expert reports or submit additional summary judgment motions.

## INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 6(b)(1), the Court may extend a deadline when there is a showing of "good cause," so long as the request is made before the expiration of the deadline. *See* Fed. R. Civ. P. 6(b)(1). Similarly, under Federal Rule of Civil Procedure 16(b)(4), the Court may modify a schedule for good cause. *See* Fed. R. Civ. P. 16(b)(4). The Defendant Insurers respectfully submit that the requested extension and modification of the Scheduling Order is appropriate so that this case can be decided on its merits. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)("We are well aware that the Federal Rules are meant to be applied in such a way as to promote justice… courts should strive to resolve cases on their merits whenever possible.)

As detailed above, the Defendant Insurers and Ironshore have been diligently conducting discovery to obtain information to support their defenses. They have propounded written discovery, issued subpoenas, submitted public records requests and filed motions to obtain necessary documents, yet much of the information regarding the allocation of the settlements and defense costs claimed remains unknown. This information is essential to the insurers' defenses, including whether the $25M SIR was satisfied and whether the amounts claimed relate to sanctions. Further, the Parties' requested depositions of their respective corporate representatives are pending. The Defendant Insurers are continuing their efforts to obtain the information from

third parties and the Trustee, but the document production, review and depositions are unlikely be completed before the current fact discovery cutoff date of August 19, 2026.

The Defendant Insurers submit that these circumstances are not the result of delay or lack of diligence, but rather the practical realities of conducting discovery into complex matters involving nearly a million pages of documents, multiple witnesses, and multiple parties within a finite discovery period. The requested 90-day extension will permit the parties to complete the depositions, document production, and any related fact discovery without prejudice to any party.

Due to the outstanding fact discovery, the Defendant Insurers request the following modifications to the Scheduling Order.

1. November 17, 2026 – completion of fact discovery

2. December 16, 2026 – exchange of expert reports.

3. January 15, 2027 – rebuttal expert reports due.

4. February 15, 2027 – expert discovery completion deadline.

5. March 12, 2027 at 12:00 P.M. – motions for summary judgment and Daubert motions due. Responses due within 21 days of service of motion.

6. April 12, 2027 – exchange of trial exhibits.

7. April 23, 2027 at 12:00 P.M. – motions in limine shall be filed and served.

8. June 2, 2027 – final pretrial conference.

9. June 7, 2027 – jury trial

This Motion is brought in good faith and not for purposes of delay. No party will be prejudiced by the requested extension, and granting the Motion will promote the just and efficient resolution of this matter. This is the first request for an extension of the fact discovery deadline or modification of the scheduling order.

On August 10, 2026, counsel for Gemini conferred by telephone with James Smith, counsel for the Trustee regarding the requested extension. On August 12, 2026, Smith advised by email that the Trustee agreed to a limited modification of the scheduling order for a 45 day extension of the fact discovery deadline, limited to responding to the requests and deposition notices already served.

For its part, on August 11, 2026 Ironshore advised it has no opposition to the requested 90-day modification of the scheduling order.

Accordingly, the Defendant Insurers request the Court modify and reorganize the Scheduling Order by 90 days or any other extension that the Court deems appropriate under the circumstances.

WHEREFORE, Defendants Gemini Insurance Company and Certain Underwriters at Lloyd's London respectfully request the Court enter an order modifying the Scheduling Order (ECF 445) by 90 days, and grant other relief the Court deems appropriate.

By:

*s/ Johanna Cipau*
CLYDE & CO US LLP
Sina Bahadoran (*pro hac vice)*
Johanna Cipau (*pro hac vice)*
1221 Brickell Ave. Suite 1600
Miami, Florida 33131
Sina.Bahadoran@clydeco.us
Johanna.Cipau@clydeco.us

Konrad Krebs (Pa. Id. No. 319253)
1515 Market Street | Suite 1200
Philadelphia, PA 19102
Konrad.Krebs@clydeco.us

*Attorneys for Defendant Gemini Insurance Company*

/s/ Daniel Tranen
Kathleen D. Wilkinson, Esquire
PA ID #34579
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 1903
Phone: (215) 627-6900
Fax: (215) 627-2665
Kathleen.wilkinson@wilsonelser.com

Daniel Tranen (Pro Hac Vice)
Daniel.Tranen@wilsonelser.com
777 Bonhomme Ave., Ste 1900
Clayton, MO 63105

*Attorneys for Defendant Underwriters at Lloyd's, London subscribing to the LSR policies, including Catlin Syndicate Limited a/k/a AXA XL Syndicate Limited; Atrium Corporate Capital Limited; AXA XL Insurance Company UK Limited; Chaucer Corporate Capital (No. 3) Limited; Hiscox Dedicated Corporate Member Limited; MS Amlin Corporate Member Limited; and Renaissance Re Corporate Capital (UK) Limited*